UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JOSEPH, JR., <br><br>          Plaintiff, <br><br>     v. <br><br> CALIFORNIA HIGHWAY PATROL, et al., <br><br>          Defendants. | Case No.  23-cv-03274-VC <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. No. 20 |

  The motion to dismiss Claims 1, 2, and 11 is granted. This ruling assumes the reader's familiarity with the facts, the applicable legal standard, and the arguments made by the parties.

  1. Joseph sued the California Highway Patrol under 42 U.S.C. § 1983, alleging that the Highway Patrol violated his federal constitutional rights. These claims are dismissed, because (as Joseph correctly concedes) the Highway Patrol is not a "person" who can be sued under section 1983. *See Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004); *see also Will v. Michigan Department of State Police*, 491 U.S. 58, 67 (1989).

  2. Joseph also alleges that the Highway Patrol violated section 7286 of the California Government Code. He seeks damages and an injunction that would require the Highway Patrol to change its use-of-force and felony-stop policies. Joseph's claim for damages is dismissed because it was abandoned in his opposition brief, which focuses exclusively on his ability to seek forward-looking injunctive relief. His claim for injunctive relief also must be dismissed, because there is no reason to think that Joseph will be harmed in the future by the Highway Patrol's policies. The possibility that Joseph might do something illegal that prompts Highway Patrol

officers to draw their weapons on him does not give him standing to seek an injunction. *See Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1041 (9th Cir. 1999) (en banc). And the possibility that Joseph might be mistaken for a criminal suspect is too speculative to warrant injunctive relief. *See id.* at 1044.

    3. The claims are dismissed without leave to amend, either because they've been abandoned or because it's clear that further amendment would not overcome the legal hurdles outlined above.

    **IT IS SO ORDERED.**

Dated: February 27, 2024

                                                      VINCE CHHABRIA
                                                      United States District Judge